# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHURCH MUTUAL INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | **JURY TRIAL DEMANDED** |
| PILGRIM'S REST CHURCH, INC., | ) | |
| Serve:  Naomi R. Reynolds<br>PO Box 69<br>Highway 160<br>Fairdealing, Missouri 63939, | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Church Mutual Insurance Company, by and through undersigned counsel, pursuant to 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure and for its Complaint for Declaratory Judgment, states as follows:

### PARTIES

1.      Plaintiff Church Mutual Insurance Company ("Church Mutual") is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Merrill, Wisconsin.

2.      Defendant Pilgrim's Rest Church, Inc. ("Pilgrim's Rest") is a domestic nonprofit corporation, organized and existing under the laws of the State of Missouri, with its principal place of business in Fairdealing, Missouri.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction under 28 U.S.C. §1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interest and attorneys' fees, and there exists complete diversity of citizenship.

4.     Venue is proper in the Eastern District of Missouri under 28 U.S.C. §1391 because Defendant resides in this District, the events and omissions giving rise to the claim occurred in this District and the property involved is situated in this District.

## GENERAL ALLEGATIONS

5.     Church Mutual brings this action seeking an interpretation of the insurance policy described below and a declaration of the rights and obligations of the parties thereunder.

6.     An actual justiciable controversy exists between Church Mutual and Pilgrim's Rest and litigation as to this controversy is imminent and inevitable.  Resolution of matters raised in this action will dispose of all issues between the parties under the insurance policy issued by Church Mutual.

7.     All necessary and proper parties are before the Court for the matters in controversy, and there is no other litigation between the parties concerning their rights and obligations under the insurance policy issued by Church Mutual.

8.     Church Mutual has complied with all conditions precedent under the insurance policy and has no other adequate remedy at law.

## THE INSURANCE POLICY

9.     Church Mutual issued a policy of insurance, policy number 0196110-02-023387, dated August 26, 2017 to August 26, 2020 (the "policy"), to Pilgrim's Rest for the property

2

located at HC 73 Box 2115, Fairdealing, Missouri 63939 (the "subject property").  *See* Exhibit 1, a true and accurate copy of the policy, attached hereto and incorporated herein.

## GROUNDS FOR DECLARATORY JUDGMENT

10.     On or about November 17, 2019, a fire occurred at the subject property.

11.     As a result of the fire, Pilgrim's Rest submitted a claim to Church Mutual, which was assigned claim number 1400805.

12.     As part of its investigation, Church Mutual requested that Pilgrim's Rest complete, notarize and return a Sworn Statement in Proof of Loss.

13.     Pilgrim's Rest submitted a Sworn Statement in Proof of Loss to Church Mutual seeking in excess of $1,000,000 for the building and contents as a result of the fire under the policy.  *See* Exhibit 2, a true and accurate copy of Pilgrim's Rest Sworn Statement in Proof of Loss, attached hereto and incorporated herein.

14.     During its investigation, Church Mutual repeatedly requested that Shauna Sparks, Pastor Ron Payne, Deacon Jim Willis and Mike Smith submit to Examinations Under Oath on behalf of Pilgrim's Rest.

15.     Ms. Sparks, Pastor Payne, Deacon Willis and Mr. Smith appeared for their Examinations Under Oath on June 5, 2020.

16.     As part of its investigation, Church Mutual requested on numerous occasions that Pilgrim's Rest produce certain documents and records as part of its claim.

17.     Despite Church Mutual's repeated requests, Pilgrim's Rest failed to provide all of the requested documents and records to Church Mutual during the claim.

18.     During its investigation, Church Mutual issued a $100,000 advance to Pilgrim's Rest on condition of a reservation of rights.

19.     One or more of the following provisions, *inter alia*, of the policy apply and bar or may bar coverage in this case for Pilgrim's Rest:

COMMON POLICY CONDITIONS

***

C.      EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

***

PROPERTY CONDITIONS

***

A.      CONCEALMENT, MISREPRESENTATION OR FRAUD

This Coverage Part is void in any case of fraud by you relating to it.  It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1.      This Coverage Part;

2.      The Covered Property;

3.      Your interest in the Covered Property; or

4.      A claim under this Coverage Part.

***

C.      LOSS CONDITIONS

***

3.      Duties in the Event of Loss or Damage.

a.      You must see that the following are done in the event of loss or damage to Covered Property:

(1)     Notify the police if a law may have been broken.

4

(2)    Give us prompt notice of the loss or damage.  Include a description of the property involved.

(3)    As soon as possible, give us a description of how, when, and where the loss or damage occurred.

(4)    Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property for consideration in the settlement of the claim.  This will not increase the Limit of Insurance.  However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss.  Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5)    At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, costs, values, and amount of loss claimed.

(6)    As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7)    Send us a signed, sworn proof of loss containing the information we request to investigate the claim.  You must do this within 60 days after our request.  We will supply you with the necessary forms.

(8)    Cooperate with us in the investigation or settlement of the claim.

b.    We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records.  In the event of an examination, an insured's answers must be signed.

***

20.    Based on its investigation of the facts and circumstances surrounding the loss and the claim, Church Mutual reasonably concluded that Pilgrim's Rest failed to comply with the

conditions of the policy by concealing and/or misrepresenting material facts concerning the Coverage Part, the Covered Property, its interest in the Covered Property and/or a claim under the Coverage Part, including, but not limited to, the facts and circumstances surrounding the subject property, the facts and circumstances surrounding the fire, the facts and circumstances surrounding the claim, and other related matters.

21.     Due to this conduct, Pilgrim's Rest is barred from recovery under the policy and no coverage exists for Pilgrim's Rest's claimed damages.

22.     Based on its investigation of the facts and circumstances surrounding the loss and the claim, Church Mutual reasonably concluded that Pilgrim's Rest failed to cooperate and comply with its duties after a loss as required under the policy, including, but not limited to, failing to provide truthful testimony during Examinations Under Oath, failing to produce requested documents and records in support of the claim, failing to cooperate with Church Mutual in the investigation of the claim, and other related matters.

23.     Pilgrim's Rest's failures to comply with its duties, despite Church Mutual's exercise of reasonable diligence, have prejudiced Church Mutual's rights under the policy and, as such, Pilgrim's Rest is barred from recovery under the policy and no coverage exists for Pilgrim's Rest's claimed damages.

24.     Church Mutual has sustained damage as a result of Pilgrim's Rest's concealments, misrepresentations and/or breaches of the policy conditions in that it has advanced $100,000 to Pilgrim's Rest on condition of a reservation of rights during the course of the claims investigation.  Church Mutual is entitled to recoup and/or recover the full amount of advance payments from Pilgrim's Rest.  Alternatively, Church Mutual is entitled to a set-off in the amount of the advance payments against any judgment in favor of Pilgrim's Rest.

25.     Church Mutual has sustained damage as a result of Pilgrim's Rest's concealments, misrepresentations and/or breaches of the policy conditions in that it has incurred substantial costs and expenses for claim response, investigation, adjusting and evaluating and attorneys' fees, which continue to accrue.  Church Mutual is entitled to recoup and/or recover the amount of these costs, expenses and attorneys' fees from Pilgrim's Rest.

WHEREFORE, Plaintiff Church Mutual Insurance Company respectfully requests that this Court: (1) determine the rights and obligations of the parties under the policy and enter a judgment construing the policy including applicable coverage provisions, exclusions, limitations and conditions thereunder in favor of Plaintiff; (2) declare that Plaintiff is entitled to recover the amount of costs and expenses incurred in investigation, including adjustment and evaluation of the claim, and attorneys' fees; and (3) for any and all such further relief that this Court deems just and proper under the circumstances.

Respectfully submitted,


/s/ Robert W. Cockerham
Robert W. Cockerham #31984
COCKERHAM & ASSOCIATES, L.L.C.
10803 Olive Blvd.
St. Louis, MO 63141
314-621-3900
Fax:  314-621-3903
rcockerham@cockerhamlaw.com

Attorneys for Plaintiff Church Mutual
Insurance Company